UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID S. HASTINGS,

    Plaintiff,

v.                                             Case No: 2:18-cv-510-FtM-99CM

JOSHUA J. ROSENBERG,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on review of the Amended Complaint (Doc. 9) filed on November 29, 2018. The Magistrate Judge previously denied Plaintiff's request to proceed *in forma pauperis* with leave to amend for failure to adequately allege a sufficient amount in controversy for diversity jurisdiction. Upon review of the Amended Complaint, the Court finds that Plaintiff still fails to adequately allege that the amount in controversy exceeds $75,000.

Plaintiff *pro se* David S. Hastings alleges one count for civil theft and conversion pursuant to Fla. Stat. §§ 812.014 and 772.11, due to a business deal gone wrong. Plaintiff asserts subject matter jurisdiction solely based upon diversity of citizenship. *See* 28 U.S.C. § 1332(a). Plaintiff alleges that his company, Remedy Nutraceuticals Inc., sold

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendant Joshua J. Rosenberg $8,000 worth of product at wholesale prices for Mr. Rosenberg to sell in his stores. Plaintiff also traveled from Fort Myers, Florida to Columbus, Ohio to conduct a four-day product launch training at all eight of Defendant's locations. Rosenberg sold the product to customers, but then "charged back" the $8,000 through his credit card company without returning any of the product to Plaintiff. Defendant closed his stores in 2013 and executed an "Accounts Receivable-BAD DEBT" transfer to Plaintiff. Plaintiff alleges that because of this Defendant now owes him the full retail price of the products, which is greater than $8,000.

Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." *Univ. of S. Ala.*, 168 F.3d at 410. A district court has proper jurisdiction over a matter if diversity jurisdiction exists. See 28 U.S.C. § 1332. Diversity jurisdiction within the federal system requires complete diversity of citizenship and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a): *Morrison,* 228 F.3d at 1261. In an action directly filed in federal court, a plaintiff bears the burden of adequately pleading, and ultimately proving jurisdiction. See *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). A court generally accepts the amount in controversy has been satisfied when the plaintiff claims "a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2013). Although the Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys, a *pro se* litigant still is bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *Ortiz*

*v. Degrees,* No. 210-cv-278-FtM-29SPC, 2010 WL 2889773, at *1 (M.D. Fla. June 28, 2010).

The Amended Complaint states that the "amount in controversy exceeds $100,000." (Doc. 9, ¶ 1). In support, Plaintiff alleges that pursuant to the his "policy and procedures in force at the time of purchase" he is entitled to recover the full retail price, costs of shipping, marketing costs, legal fees, court costs, interest of the highest legal rate in Florida (18%), attorney fees, and all other costs associated." (*Id.*, ¶ 40). Plaintiff also states that he is entitled to threefold the actual damages sustained pursuant to Fla. Stat. § 772.11. (*Id.*, ¶ 41).

Plaintiff again has fallen short of satisfying the threshold amount in controversy, but the Court will allow him **one final opportunity to amend**. Although Plaintiff alleges that he is entitled to the full retail price of the product rather than the wholesale total of $8,000 (and then threefold damages under the statute), it is not clear what amount this would be. Plaintiff provides the full retail price per bottle in the Amended Complaint (Doc. 9, ¶ 36), but does not provide the calculation of how many bottles he sold Defendant and how much the total full retail price he sold to Defendant would be. As for other damages, Plaintiff should provide more detail about the one-time travel from Florida to Ohio, the four-day training, and shipping costs, which would allow the Court to reasonably infer that the total damages would exceed $75,000. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable" *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

Plaintiff's request to proceed *in forma pauperis* will remain under advisement pending review of the second amended complaint.

Accordingly, it is now

**ORDERED:**

The Amended Complaint (Doc. 9) is **dismissed without prejudice** to filing a second amended complaint by **February 19, 2019**. **Failure to file a second amended complaint result in this case being closed without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of January, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record