UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID S. HASTINGS,

    Plaintiff,

v.                            Case No: 2:18-cv-510-FtM-99UAM

JOSHUA J. ROSENBERG,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on review of the Second Amended Complaint (Doc. 12), which the Court directed Plaintiff to file in order to address the Court's continued concerns regarding the amount in controversy (Docs. 6, 10). The Court also reviews the Second Amended Complaint for sufficiency under 28 U.S.C. § 1915 because Plaintiff requests to proceed *in forma pauperis*. (Doc. 2). For the reasons set forth below, the Court finds that the Second Amended Complaint fails to state a claim upon which relief can be granted, but Plaintiff will be afforded a final opportunity to amend.

### **BACKGROUND**

Plaintiff, who is incarcerated, initiated this action by filing a two-count Complaint (Doc. 1) for violation of Florida's Communications Fraud Act and Florida's perjury statute.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff moved to proceed *in forma pauperis,* and the Magistrate Judge found that Plaintiff was indigent, but also found that the Complaint suffered from numerous deficiencies, one being that the amount in controversy was not satisfied. (Doc. 6). Therefore, the application to proceed *in forma pauperis* was denied without prejudice. (*Id.*)

Plaintiff filed an Amended Complaint (Doc. 9) on November 29, 2018. Upon review, the Court again had concerns about the amount in controversy and directed Plaintiff to amend, stating that this was his final opportunity to do so. (Doc. 10).

On February 1, 2019, Plaintiff filed a Second Amended Complaint (Doc. 12), alleging one count for civil theft and conversion pursuant to Fla. Stat. §§ 812.014 and 772.11, due to a business deal gone wrong. With regard to the amount in controversy, Plaintiff attached an exhibit (Doc. 12-1) outlining his damages due to him. Although the Court is satisfied that Plaintiff has at least made a showing at this point that the amount in controversy is satisfied to invoke the Court's jurisdiction, the Court has another concern with the sufficiency of the allegations, that is, that the statute of limitations has run.

**LEGAL STANDARD**

Under 28 U.S.C. § 1915, the Court shall dismiss an action if the action is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is deemed frivolous if the Court finds it lacks arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The Eleventh Circuit has deemed a lawsuit frivolous when the plaintiff's "realistic chances of ultimate success are slight." *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The Supreme Court has affirmed "the frivolousness standard, authorizing *sua sponte*

dismissal of an *in forma pauperis* complaint 'only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief,' is a 'more lenient' standard than that of Rule 12(b)(6)." *Neitze*, 490 U.S. at 322-23 (citation omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal citation omitted).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). Although leniency is shown to *pro se* litigants, the Court will not rewrite a deficient pleading in order to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

## DISCUSSION

Where the untimeliness of an action is clear from the face of the complaint and the plaintiff seeks to proceed *in forma pauperis*, the court may dismiss *sua sponte* under 28

3

U.S.C. § 1915(e)(2)(B)(ii), which directs a court to dismiss any action brought by an *in forma pauperis* plaintiff that fails to state a claim on which relief may be granted. *See Rembert v. Florida*, 572 F. App'x 908 (11th Cir. 2014). *See also Clark v. Ga. Pardons & Parole Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) (When the statute of limitations defense is obvious from the fact of a complaint or court's records, it is not necessary to await the defendant's responsive pleading to raise the defense.). The statute of limitations for conversion in Florida is four years and begins to run at the time of the conversion unless fraudulently concealed.[2] *Bove v. PBW Stock Exchange, Inc.*, 382 So. 2d 450, 452-53 (citing Fla. Stat. § 95.11(3)(h)).

Here, Plaintiff alleges that Defendant retained Plaintiff's product and refused to return it when given the opportunity on June 4, 2013. (Doc. 12, ¶ 38). Plaintiff further alleges that Defendant failed to return any product on June 19, 2013. (*Id.*, ¶¶ 17, 33). Plaintiff states that Defendant then sold Plaintiff's products. (*Id.*, ¶ 34). Even applying the four-year statute of limitations from the latest date alleged (June 19, 2013), it would have run on June 19, 2017, a year before Plaintiff initiated this case on July 20, 2018 (Doc. 1). And there are otherwise no allegations that Defendant fraudulently concealed the conversion.

Thus, based on the four-year statute of limitations for conversion claims, Hastings last date to timely file a civil action was in 2017. Hastings filed his Complaint in 2018,

---

[2] Florida courts have also found that the discovery rule applies to an action for conversion. That is, that the conversion begins to run when one is on notice of the conversion, and it is thus irrelevant to whether there was fraudulent concealment. *See Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd.*, 450 So. 2d 1157 (Fla. 3d DCA 1984). But under either standard, the Court finds that statute of limitations has run based on the allegations in the Second Amended Complaint.

after the running of the applicable statute of limitations, and as such, the Second Amended Complaint fails to state a cognizable claim for relief.

The Eleventh Circuit has generally held that courts should permit a *pro se* litigant who is seeking *in forma pauperis* status the opportunity to amend a deficient complaint before dismissing pursuant to § 1915 for failure to state a claim. *Troville v. Venz*, 303 F.3d 1256, 1260, n. 5 (11th Cir. 2002). Although the Court is doubtful that Plaintiff can provide any set of facts for his conversion claim that would avoid the statute of limitations, Plaintiff had previously not been informed that the Court would dismiss his case for failure to state a claim; therefore, the Court will allow him one final opportunity to amend. The Court notes though that this is <u>not</u> an invitation for Plaintiff to file any new claims besides civil theft and conversion as Plaintiff has already been afforded two opportunities to amend. Plaintiff's request to proceed *in forma pauperis* will remain under advisement pending review of the Third Amended Complaint.

Accordingly, it is now

**ORDERED:**

Plaintiff's Second Amended Complaint (Doc. 12) is **dismissed without prejudice** to filing a Third Amended Complaint by **March 20, 2019**. **Failure to file a Third Amended Complaint in accordance with this Order will result in dismissal of this action with prejudice without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of February, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record