UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID S. HASTINGS,

    Plaintiff,

v.                                  Case No: 2:18-cv-510-FtM-38UAM

JOSHUA J. ROSENBERG,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Plaintiff *pro se* Davis S. Hasting's Motion for Reconsideration (Doc. 14) filed on March 14, 2019. Plaintiff seeks reconsideration of this Court's Opinion and Order (Doc. 13) dated February 20, 2019, in which the Court found that the four-year statute of limitations on Plaintiff's conversion claim had run. In an abundance of caution, the Court allowed Plaintiff the opportunity to amend. Instead of filing an Amended Complaint, Plaintiff moves the Court for reconsideration. Plaintiff's request to proceed *in forma pauperis* is under advisement pending the filing of a viable complaint.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

Plaintiff, who is incarcerated, initiated this action by filing a two-count Complaint (Doc. 1) for violation of Florida's Communications Fraud Act and Florida's perjury statute. Plaintiff moved to proceed *in forma pauperis*, and the Magistrate Judge found that Plaintiff was indigent, but also found that the Complaint suffered from numerous deficiencies, one being that the amount in controversy was not satisfied. (Doc. 6). Therefore, the application to proceed *in forma pauperis* was denied without prejudice. (*Id.*)

Plaintiff filed an Amended Complaint (Doc. 9) on November 29, 2018. Upon review, the Court again had concerns about the amount in controversy and directed Plaintiff to amend, stating that this was his final opportunity to do so. (Doc. 10).

On February 1, 2019, Plaintiff filed a Second Amended Complaint (Doc. 12), alleging one count for civil theft and conversion pursuant to Fla. Stat. §§ 812.014 and 772.11, due to a business deal gone wrong. With regard to the amount in controversy, Plaintiff attached an exhibit (Doc. 12-1) outlining his damages due to him. Although the Court was satisfied that Plaintiff had at least made a showing that the amount in controversy was satisfied, the Court found that Florida's four-year statute of limitations for conversion claims had run and dismissed the Second Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915. (Doc. 13). In its Opinion and Order, the Court stated that "[e]ven applying the four-year statute of limitations from the latest date alleged (June 19, 2013), it would have run on June 19, 2017, a year before Plaintiff initiated this case on July 20, 2018." (*Id.*, p. 4).

Plaintiff now moves for reconsideration, informing the Court for the first time that prior to filing this lawsuit he had filed another suit in small claims court in the Twentieth

Judicial Circuit against Defendant based on the same conduct. (Doc. 14). He filed the small claims case on February 15, 2017, which is within the four-year statute of limitations period. Plaintiff withdrew the small claims case on June 21, 2018 (after the limitations period had run) because he wanted to pursue his claim in this Court instead. Plaintiff submits the small claims court documents in support. (Docs. 14-1, 14-2).

## STANDARD OF REVIEW

A district court has considerable discretion in deciding whether to grant a motion for reconsideration. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). In exercising its discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. Finality typically prevails because reconsidering an order is an extraordinarily remedy that courts use sparingly. *See Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). Along this line, "a motion for consideration is not a vehicle for rehashing arguments the [c]ourt has already rejected or for attempting to refute the basis for the [c]ourt's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012).

"A motion to reconsider should raise new issues, not merely redress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar. 30, 2005) (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the [c]ourt's reasoning"). Such motions "must demonstrate why the court should reconsider

its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its[elf]." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Because courts disfavor motions for reconsideration, they recognize three grounds to reconsider prior orders: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *See McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.,* 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter v. Premier Rest. Mgmt.*, No. 2:06-cv-212, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006).

## DISCUSSION

Although the evidence presented by Plaintiff is not new, because Plaintiff is proceeding *pro se*, the Court will consider the evidence and argument and reconsider its prior Opinion and Order. However, after reconsidering the issue, the Court reaches the same result because the filing and voluntary dismissal of the small claims action (which was not a decision on the merits) did not toll the statute of limitations. "[U]nlike the majority of states, Florida has chosen not to adopt a 'savings statute' that allows a plaintiff whose case has been dismissed otherwise than on the merits to pursue the action even though the statute of limitations has run." *HCA Health Servs. of Florida, Inc. v. Hillman*, 906 So. 2d 1094, 1098 (Fla. 2d DCA 2004).

Under 28 U.S.C. § 1915, the Court shall dismiss an action if the action is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Plaintiff has not filed a Third Amended Complaint after being provided the opportunity to do so and his claims otherwise remain precluded by the statute of limitations, the Court will direct that this action be dismissed and closed.[2]

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. 14) is **GRANTED**. After reconsidering the matter and the newly submitted evidence, Plaintiff's claim remains precluded by the statute of limitations. Therefore, the Clerk is directed to enter judgment dismissing this case with prejudice and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of March, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] The Court would note that Plaintiff was afforded two opportunities to amend.